FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM C. SCHROEDER,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | No. 2:22-cv-00172-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ECF No. 6 |

Before the Court is Defendant's motion to dismiss, ECF No. 6. The Court has reviewed the record and is fully informed. The motion was considered without oral argument. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**BACKGROUND**

**A. Procedural History**

Plaintiff, an attorney representing himself in this action, filed a Complaint alleging the limit on the size of the House of Representatives is unconstitutional.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

ECF No. 1 at 1. Plaintiff requested the case be heard by a three-judge panel. *Id.* at 2. On September 19, 2022, Defendant filed a Motion to Dismiss. ECF No. 6.

### B. Summary of Allegations

Plaintiff alleges that 2 U.S.C. § 2a(a), which permanently limits the House of Representatives to 435 members, violates Article I and Article II of the United States Constitution. ECF No. 1 at 1. Plaintiff alleges the limit deprives citizens of their constitutional right to equal representation in the House of Representatives and in the electoral college for the presidency. *Id.* Plaintiff further alleges the limit is inconsistent with the "one person, one vote" jurisprudence. *Id.*

## LEGAL STANDARD

"A [Fed. R. Civ. P. 12(b)(1)] jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The reviewing court is to accept the allegations as true and draw all reasonable inferences in the plaintiff's favor "unless challenged by the defendant." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). For a factual attack, the movant challenges the veracity of the allegations. *Safe Air for Everyone*, 373 F.3d at 1039. "[T]he district court may review evidence beyond the complaint without converting the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

motion to dismiss into a motion for summary judgment." *Id.* The reviewing court is not required to accept the allegations as true. *Id.*

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly,* 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Generally, *pro se* litigants must be given the opportunity to amend their complaint to correct any deficiencies, unless it is clear that amendment would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). However, *pro se* litigants who are also attorneys are not afforded liberal pleading construction, and they are not treated as proceeding

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

without counsel. *Huffman v. Lindgren*, No. 22-35471, 2023 WL 5660151, at *3 (9th Cir. Sept. 1, 2023). As Plaintiff is an attorney, he is not afforded the leeway afforded to non-attorney *pro se* litigants.

## DISCUSSION

### A. Jurisdiction

Defendant contends the Court lacks jurisdiction to decide this action, because 1) Plaintiff lacks standing; and 2) the complaint raises a nonjusticiable political question. ECF No. 6 at 6-15.

*1. Standing*

Defendant contends Plaintiff lacks standing because he has not suffered an individualized injury, and even if he did suffer an injury, the Court cannot redress any alleged harm. *Id.* at 12-15. To demonstrate standing, a plaintiff must plausibly plead facts to establish: 1) he "suffered an injury in fact"; 2) there is "a causal connection between the injury and the conduct complained of"; and 3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted)). Defendant raises a facial attack, contending Plaintiff's allegations are insufficient on their face to invoke this Court's jurisdiction; thus, the Court must accept Plaintiff's allegations as true and draw all reasonable

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

inferences in Plaintiff's favor unless challenged by Defendant. *See Leite*, 749 F.3d at 1121.

First, when accepting Plaintiff's allegations as true, Plaintiff has not demonstrated an actual or imminent injury caused by the limit on the number of Representatives. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance . . . does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan*, 504 U.S. at 573-74). In *Citizens for Fair Representation*, the Ninth Circuit found the plaintiffs did not have standing to pursue their claim that the large and growing size of California's electoral districts were diluting and devaluing the votes of Californian voters.[1] *Citizens for Fair Representation v. Padilla*, 815 F. App'x 120, 123 (9th Cir. 2020) (*Citizens*). In *Citizens*, the plaintiffs alleged non-white Californians were having their votes devalued, however, the court reasoned that all votes were equally being impacted, thus voters' votes were not valued any less

---

[1] The Court discusses *Citizens* for the purpose of setting forth an example of how the injury standard has been applied in a similar case and recognizes the unpublished decision is not binding precedent. *See Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

based on race. *Id.* As such, the Court found plaintiffs had raised only a generally available grievance, and they therefore lacked standing. *Id.*

The *Citizens* case was distinguishable from *Federal Election Commission*, a case in which the Supreme Court found the party had standing when the injury consisted of an inability to obtain information that the party believed was statutorily-required to be public information. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998). The injury in that case was not just a generally available grievance, but rather a concrete and specific harm in which a large number of voters experienced interference with voting rights conferred by law. *Id.* at 24-25. Similarly, in *Shaw*, the plaintiff had standing when voters were personally assigned to voting districts based on race. *Shaw v. Hunt*, 517 U.S. 899, 905 (1996).

Here, Plaintiff identifies only a generally available alleged grievance. Plaintiff contends the alleged injury is the deprivation of all citizens' rights to equal representation. ECF No. 1 at 1, 58. Plaintiff alleges that the weight of a person's vote depends upon the state in which they reside, which violates voters' rights. ECF No. 7 at 18. Plaintiff does not identify how he individually has suffered a specific and concrete harm. Plaintiff's contentions that all voters' rights are being violated by the limit, without any explanation of individual harm, supports a finding that Plaintiff has not alleged individual harm to establish standing.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 6

Plaintiff contends the holding in *Rucho* demonstrates he can establish standing in this case. *Id* at 17-18. (citing *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019). Defendant contends Plaintiff misinterprets and misapplies *Rucho*. ECF No. 8 at 3. In *Rucho*, the Supreme Court referenced *Gill*, stating standing was addressed in *Gill*. *Rucho,* 139 S. Ct. at 2492 (citing *Gill v. Whitford*, 138 S. Ct. 1916 (2018)). In *Gill*, the court held that a plaintiff asserting a partisan gerrymandering claim based on a vote dilution theory must establish they live in an allegedly "cracked" or "packed" district to establish standing. *Gill*, 138 at 1931. "Cracking" is a gerrymandering technique that divides party's supporters among multiple districts, so they fall short of a majority in each one. *Id.* at 1924. "Packing" is a technique in which one party's backers are concentrated in a few districts so they win by overwhelming margins. *Id.* In *Rucho*, the Supreme Court noted that the district court found standing because there was an intent to discriminate against voters from a particular political party and there were allegations of "widespread cracking and packing." *Rucho*, 139 S. Ct. at 2492. The Supreme Court did not set forth a new analysis of standing and focused on whether the claim presented a nonjusticiable political question. As such, *Rucho* only reaffirms the *Gill* standard, which requires allegations of not only vote dilution but also residing in a "cracked" or "packed" district to establish standing. *Gill*, 138 at

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

1931. Therefore, *Rucho* does not stand for Plaintiff's contention that an individual alleging injury from general vote dilution establishes standing.

Here, Plaintiff alleges the injury is vote dilution, but he does not contend he lives in a cracked or packed district. *See* ECF No. 1. Plaintiff cites to two elections in which presidents won the election by winning the electoral votes despite losing the popular vote. *Id.* at 47, 51. However, Plaintiff does not contend the elections were impacted by his district being "cracked" or "packed." As such, Plaintiff has not established standing under the standard set forth in *Gill* and discussed in *Rucho*.

Defendant further contends Plaintiff has not been injured because an increase in the number of Representatives that allows for the most equal apportionment between states would lead to Washington state having a number of representatives that totals to 2.32 percent of the House, while the current representation is 2.30 percent. ECF No. 6 at 12-13. Plaintiff's response appears to contend he, along with all other citizens, have suffered an injury because their votes are not equally weighed, in violation of "one person, one vote;" however Plaintiff offers no specific response to Defendant's contention that Plaintiff has not suffered an injury. ECF No. 7.

Even if Plaintiff had demonstrated an injury, Defendant contends the requested relief does not redress Plaintiff's alleged harm. ECF No. 6 at 14-15.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

Plaintiff requests the Court declare 2 U.S.C. § 2a unconstitutional and asks the Court to direct Congress to "either create a ratio of member-per-unit-of-population applicable equally to each and every of the several States; or a sufficient overall whole number of districts to be apportioned to provide roughly equal district sizes among the States, as well as within each State, so as to give full effect to both Art. I, §2, and Art. II, § 1." ECF No. 1 at 59.

Plaintiff does not set forth any explanation as to how his requested relief redresses his alleged harm. If the Court accepted that Plaintiff has been individually harmed by the alleged unequal representation in the House of Representatives, the relief must be likely to remedy the issue. *See Dutta*, 895 F.3d at 1173. Plaintiff does not explain how his requested relief is likely to provide him personally with equal voter representation. Defendant presents a scenario in which a reapportionment would result in Plaintiff's state's representation moving from 2.3 percent to 2.32 percent of the total House. ECF No. 6 at 13. If the current representation deprives Plaintiff of equal representation, it is unclear how nearly identical representation would remedy his alleged injury.

Defendant also contends Plaintiff's requested relief would require the Court to supervise complex policy decision-making, without guidance as to the applicable legal standards for the decisions. *Id.* at 14-15. An injury that lacks a judicially discoverable and manageable standard would also indicate this is a

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9

nonjusticiable political question. *Rucho,* 139 S. Ct. at 2494. Plaintiff does not offer a response to Defendant's contention. ECF No. 7. Plaintiff has failed to demonstrate that his requested relief is likely to remedy his alleged harm.

As Plaintiff has not plausibly plead facts to establish he suffered an injury in fact, nor that a favorable decision would redress his alleged injury, Plaintiff does not have standing.

*2. Political Question*

Defendant contends Plaintiff's Complaint raises a nonjusticiable political question. *Id.* at 6-12. The Supreme Court has set forth six independent factors, any of which demonstrates the presence of a non-justiciable political question:

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Baker v. Carr*, 369 U.S. 186, 217 (1962).

As the Court lacks jurisdiction to hear the claim because Plaintiff lacks standing, the Court declines to address whether Plaintiff's claims present a political question beyond our jurisdiction. The Court notes that Defendant contends Plaintiff's claim implicates four of the six *Baker* factors,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 10

supporting a finding the claim is a nonjusticiable political question. ECF No. 6 at 7-12. Plaintiff contends the claim is a "one person, one vote" claim and is thus justiciable, ECF No. 7 at 2-3, 12, but Plaintiff's Complaint and response largely rely on a historical summary and quotes from cases with little analysis applying precedent to the instant case. For example, Plaintiff does not address the six factors set forth in *Baker*.

### B. Failure to State a Claim

Defendant also contends Plaintiff has failed to state a claim. ECF No. 6 at 15-16. As the Court lacks jurisdiction to hear Plaintiff's claims under Article III, the Court need not address whether Plaintiff has failed to state a claim.

### C. Three-Judge Panel

As the Court lacks jurisdiction to hear Plaintiff's claims under Article III, the Court must dismiss the case and need not reach the request for a three-judge panel. *See Shapiro v. McManus*, 577 U.S. 39, 44-45 (2015) (quoting *Gonzalez v. Automatic Emp. Credit Union*, 419 U.S. 90, 100 (1974)); *Citizens,* 815 F. App'x at 124.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 6**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 11

The District Court Executive is directed to file this Order, enter judgment, provide copies to counsel, and **CLOSE THE FILE**.

DATED September 11, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 12